UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUZEL JACQUES, | No. 2:21-cv-02143-KJM-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. SIMPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She[1] has filed a motion to compel defendants to provide further responses to her requests for production of documents. ECF No. 23. For the reasons that follow, the motion will be granted.

**I.      Background**

This action proceeds on plaintiff's complaint, in which she alleges First Amendment retaliation, Eighth Amendment excessive force, and Eighth Amendment deliberate indifference claims against defendants Simpson, Arther, and Jones. ECF Nos. 1, 7. Plaintiff alleges that on August 16, 2020, she participated in an interview with correctional officer Arther concerning a claim of excessive force against correctional officer Simpson. ECF No. 1 at 9-10. Later that day,

---

[1] Plaintiff is a transgender inmate who recently began using female pronouns.

1

1  Arther arrived at plaintiff's cell with officers Simpson and Jones. *Id*. at 10. They had her cell
2  door electronically opened, then Simpson stated, "You snitched on me . . . this blue lives matter,
3  fuck black lives matter." *Id*. Simpson then punched plaintiff in the mouth two times. *Id*. at 10-
4  11. The cell door closed and Jones said, "We'll fuck your ass up right now." *Id*. at 11. Arther
5  said, "Don't snitch on cops." *Id*. Plaintiff had a gash and immediate swelling of her upper lip.
6  *Id*. The defendant officers denied plaintiff's request for medical care, telling plaintiff, she
7  "wasn't getting shit." *Id*.

8      On May 18, 2022, plaintiff served defendants with a set of document production requests
9  ("RFPs"). ECF No. 24-1 at 4-14. Defendants provided some documents but also raised
10 objections and the official information privilege in declining to provide others. *Id.* at 15-20.
11 Plaintiff now seeks to compel further responses to her RFPs numbered 1, 2, and 4-7.

12 **II.    Analysis**

13     The Federal Rules of Civil Procedure provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

19 Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery that falls
20 outside of that scope or "is unreasonably cumulative or duplicative, or can be obtained from some
21 other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P.
22 26(b)(2)(C). In addition, the federal common law recognizes a qualified "official information"
23 privilege that covers government personnel files. *Sanchez v. City of Santa Ana*, 936 F.2d 1027,
24 1033-34 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must
25 weigh the potential benefits of disclosure against the potential disadvantages. If the latter is
26 greater, the privilege bars discovery." *Id.*
27 ////
28 ////

In her RFP No. 1, plaintiff requested:

> Any and all formal and informal written complaints (including but not limited to 602 forms) against any defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), alleging excessive use of force. This time frame for discovery requests is from August 8, 2015 to present. (Including all written responses, appeals, reports, investigations, and the prisons' corresponding responses.)

ECF No. 24-1 at 9. Defendant provided plaintiff's grievances in response, but declined to produce other responsive documents:

> Defendants object to this request on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is vague and ambiguous as to the phrase "informal written complaints." Defendants further object to this request because it is overbroad, unduly burdensome, not relevant to any party's claim or defense in this case, and not proportional to the needs of this case. Defendants object to this request because it may also violate a non-party's right to privacy.

*Id.* at 16. Plaintiff argues that her RFP No. 1 is reasonably calculated to lead to admissible evidence because the documents it seeks "could and would reveal a possible pattern or practice of a defendant exhibiting deliberate indifference to inmates' safety." ECF No. 23 at 2. Plaintiff argues that, to the extent defendants are worried about privacy rights and other interests furthered by the official information privilege, defendants could redact information or seek court permission to redact information.

In her RFP No. 2, plaintiff requested:

> Any and all formal and informal written complaints (including but not limited to 602 forms) against any defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), alleging failure to summon medical care. This time frame for discovery requests is from August 8, 2015 to present. (Including all written responses, appeals, reports, investigations, and the prisons' corresponding responses.)

ECF No. 24-1 at 9. Defendants again provided plaintiff only with documents pertaining to her own grievances. Defendants objected to the request

> on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is vague and ambiguous as to the phrase "informal written complaints." Defendants further object to this request because it is overbroad, unduly

3

> burdensome, not relevant to any party's claim or defense in this case, and not proportional to the needs of this case. Defendants object to this request because it may also violate a non-party's right to privacy.

*Id.* at 16-17. Plaintiff again argues that the documents sought through RFP No. 2 could reveal a pattern or practice by defendants regarding the failure to summon necessary medical care for inmates and that any privacy or official information concerns can be addressed by appropriate redactions.

In her RFP No. 4, plaintiff requested:

> Any and all records of training that has been provided to each defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), on excessive force. The time frame for this discovery request is August 8, 2015 to the present.

*Id.* at 10. Defendant declined to produce any documents in response, stating:

> Defendants object to this request on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is not relevant to any party's claim or defense. Defendants further object to this request because it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants object to this request because it is vague and ambiguous as to the phrase "records of training . . . provided to each Defendant." Defendants object to this request because, to the extent such information exists, it is protected under the Official Information Privilege and maintained as confidential.

*Id.* at 18.

In her RFP No. 5, plaintiff requested:

> Any and all documents received, read, or reviewed by each defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), that refer to or relate to training, policies, or procedures on excessive force.

*Id.* at 10. Again, defendant provided no responsive documents, stating:

> Defendants object to this request on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is not relevant to any party's claim or defense. Defendants further object to this request because it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants object to this request because it is vague and ambiguous as to the phrase "documents received, read, or reviewed by each Defendant." Defendants object to this request because, to the extent such information exists, it is protected under the Official Information Privilege and maintained as confidential.

*Id.* at 18.

In her RFP No. 6, plaintiff requested:

> Any and all records of training that has been provided to each defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), on summoning medical care for an inmate prisoner. The time frame for this discovery request is August 8, 2015 to the present.

*Id.* at 10.  Defendant provided no documents, stating:

> Defendants object to this request on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is not relevant to any party's claim or defense. Defendants further object to this request because it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants object to this request because it is vague and ambiguous as to the phrase "records of training that has been provided to each Defendant." Defendants object to this request because, to the extent such information exists, it is protected under the Official Information Privilege and maintained as confidential.

*Id.* at 19.

In her RFP No. 7, plaintiff requested:

> Any and all documents received, read, or reviewed by each defendant (mentioned in complaint filed November 22, 2021 in Case No. 2:21-cv-02143-EFB), that refer or relate to training, policies, or procedures on summoning medical care, including intentionally denying medical care to an inmate prisoner.

*Id.* at 10.  Defendants declined to produce responsive documents, stating:

> Defendants object to this request on the ground that Plaintiff has improperly combined his discovery requests for multiple defendants into a single document. FRCP 34 instructs Plaintiffs to direct their requests to an individual party. Defendants also object to this request because it is not relevant to any party's claim or defense. Defendants further object to this request because it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants object to this request because it is vague and ambiguous as to the phrase "documents received, read, or reviewed by each Defendant." Defendants object to this request because, to the extent such information exists, it is protected under the Official Information Privilege and maintained as confidential.

*Id.* at 19. Plaintiff argues that the documents she seeks through RFP Nos. 4-7 are relevant to rebutting any argument defendants may make that they were not aware that the violated any policies, procedures, or constitutional provisions.

////

Defendants oppose the motion to compel, arguing: (1) plaintiff failed to meet and confer prior to filing the motion; (2) all of the contested RFPs are overbroad, unduly burdensome, and seek irrelevant information; and (3) RFP Nos. 4-7 seek documents protected by the official information privilege. The court will address each argument in turn.

Failure to Meet and Confer. Defendants first argue that the motion should be denied because plaintiff failed to meet and confer prior to filing the motion, as Federal Rule of Civil Procedure 37 requires. However, this court's scheduling order (ECF No. 21) provided that Eastern District Local Rule 251, which echoes the meet-and-confer requirement of the Federal Rules, "shall not apply." ECF No. 21 at 1. This court routinely declines to enforce a meet-and-confer requirement in prisoner cases. *E.g.*, *Kahaku v. Wallace*, No. 2:20-cv-1807 KJN P, 2022 U.S. Dist. LEXIS 113959, at *10 n.4 (E.D. Cal. June 28, 2022); *Manning v. Bunnell*, 2:12-cv-2440 MCE AC P, 2014 U.S. Dist. LEXIS 176355, at *6 (E.D. Cal. Dec. 19, 2014). Accordingly, the court finds that plaintiff's failure to meet and confer with defense counsel prior to filing the motion to compel does not provide a sufficient basis to deny the motion.

Scope of the RFPs. Defendants argue that RFP Nos. 1 and 2 "are overbroad and unduly burdensome because [plaintiff] seeks other inmates' written complaints against Defendants, which are irrelevant to her claims or any defense raised in this case." ECF No. 24 at 3-4. But plaintiff has explained that these complaints are relevant to show any pattern or practice by defendants to violate the constitutional rights of other inmates in ways similar to how they allegedly violated her rights. The RFPs are a direct and tailored request for relevant information. *Johnson v. Sandy*, No. 2:12-cv-2922 JAM AC P, 2014 U.S. Dist. LEXIS 129810, at *33-35 (E.D. Cal. Sep. 15, 2014) ("In an excessive force case such as this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized.").

Defendants next argue that the information would not be admissible in any event, as it would provide evidence of character, citing Federal Rule of Evidence 404. However, Federal Rule of Civil Procedure 26 makes explicit that admissibility is not a pre-requisite for discoverability.

6

Defendants argue that the information sought in RFP Nos. 1 and 2 "may violate a non-party's right to privacy and may have the unintended result of deterring other inmates from using the prison's grievance process at risk [that] their personal or private information may be made public." ECF No. 24 at 4. Defendants do not cite any authority for a right to privacy that would prevent the release of the requested documents to plaintiff and, more importantly, any concern for privacy interests can be adequately addressed by redacting documents and/or seeking a protective order to limit the use of the documents.

Defendants argue that RFP Nos. 4-8 are overbroad, unduly burdensome, and irrelevant. However, records of training that defendants did or did not receive regarding excessive force and providing medical assistance are clearly relevant to plaintiff's claims that defendants used unreasonable force and acted with deliberate indifference. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (in determining whether force was excessive, courts must look to the facts and circumstances of each case, including what the officer knew at the time of the alleged excessive force); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to find that an officer acted with deliberate indifference, a court must find that the officer was both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that he drew the inference).

The court also disagrees with defendants' contention that RFP Nos. 4-7 are vague as to "records of training" and "documents received, read, or reviewed by each Defendant." ECF No. 24 at 5. These requests are simply worded and direct; defendants should easily understand what documents are responsive.

The Official Information Privilege. Lastly, defendants argue that RFP Nos. 4-7 seek documents that are protected by the official information privilege.

> In *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987), magistrate judge Wayne Brazil articulated a test for the qualified "official information" privilege that balances competing societal interests: the interests of law enforcement, the privacy interests of police officers or citizens who provide information to or file complaints against police officers, the interests of civil rights plaintiffs, the policies that inform he national civil rights laws, and the needs of the judicial process. In civil rights cases, this balancing test is moderately pre-weighted in favor of disclosure.

7

*Parrish v. Solis*, No. 11-cv-01438 LHK (NC), 2014 U.S. Dist. LEXIS 75513, at *12 (N.D. Cal. May 31, 2014). Defendants argue that these considerations weigh in favor of denying plaintiff access to the documents sought by RFP Nos. 4-7 and submit the declaration of California State Prison, Sacramento Litigation Coordinator L. Hightower in support (ECF No. 24-1 at 23-26). Hightower avers that these RFPs seek documents "that are classified as confidential under Code of Regulations, Title 15, Section 3321(a)(1) and (2) and would endanger the safety of persons within the prison and jeopardize the security of the institution if disclosed." ECF No. 24-1 at 24. According to Hightower, these documents include "information about procedures and techniques used by correctional staff in the performance of their duties, including during prison emergencies and when investigating criminal activities." *Id.* Hightower avers,

> If this information was revealed to inmates, it could provide them with the means to undermine the safety and security of the prison by educating them about how staff members manage the prison population, respond to prison emergencies, or respond to and investigate criminal activities. This information could also educate inmates about how staff members conduct investigations, gather intelligence, and return the prison to normal operations. Moreover, it could provide inmates with information necessary to avoid or thwart staff members' attempts to secure the prison and maintain security through these various endeavors.
>
> ***
>
> Information about prison procedures and precautions, such as methods for handling attacks by inmates against correctional officers, are maintained as confidential. Correctional staff use these and other procedures and precautions to thwart inmates' efforts to physically assault correctional officers; to circumvent or violate prison rules; or to engage in other behavior that might endanger the safety and security of the prison, prison inmates, and correctional officers.
>
> ***
>
> There is simply no way to craft a protective order to address all the concerns caused by releasing confidential staff training materials and confidential documents related to staff complaints to inmates, particularly in pro se cases, because inmates do not have the same incentive to obey orders as do officers of the court. Even threat of monetary sanctions is rarely persuasive to inmates because they usually have little or no money, and the State pays for all of their necessary living expenses.

*Id.* at 24-26. Plaintiff responds that the documents are needed to show that defendants knew, from their training and/or the policy materials they had read, that their conduct violated his constitutional rights.

8

Defendants' arguments are unspecific and broad; plaintiff does not seek information regarding many of the issues raised by Hightower (e.g., prison procedures in emergency situations or investigations). Plaintiff seeks only records of trainings given to defendants and policies or procedures known to defendants that concerned the use of excessive force and the summoning of medical care for inmates. Without reviewing the actual documents, it is difficult for the court to assess defendants' broad and speculative claims as to the harms that disclosure of these records to plaintiff could cause. Because defendants have failed to make a showing of harm specific to the instant case and the exact documents requested by plaintiff in RFP Nos. 4-7, the court cannot conclude that those documents are entirely protected from disclosure by the official information privilege.

### III. Order

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's August 10, 2022 motion to compel (ECF No. 23) is GRANTED;
2. Within 21 days of the date of this order, defendants shall either (1) provide the documents requested by plaintiff in her RFP Nos. 1, 2, 4, 5, 6, and 7 or (2) seek a protective order and/or in camera review of such documents.

Dated: November 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE